Allen K. Young (3583)
Tyler S. Young (11325)
*Attorneys for Plaintiff*
YOUNG, KESTER & PETRO
75 South 300 West
Provo, UT 84601
Telephone: (801) 379-0700
Facsimile: (801) 379-0701

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| LAUREN ROSENBERG, <br><br> Plaintiff, <br><br> v. <br><br> PATRICK HARWOOD as an individual, GOOGLE, a corporation, and JOHN DOES I through X, inclusive, <br><br> Defendants. | **COMPLAINT AND JURY DEMAND** <br><br><br> Case No. 2:10-cv-496 <br> Judge : Judge Dee Benson |

COMES NOW the Plaintiff, by and through counsel, Allen K. Young, of Young, Kester & Petro, and for cause of action against the Defendants alleges as follows:

### JURISDICTION AND VENUE

1. At all times relevant hereto, Plaintiff Lauren Rosenberg was and is a resident of the County of Los Angeles, California.

2. At all times relevant hereto, Defendant Patrick Harwood was and is a resident of Salt Lake County, Utah.

3. The acts complained of herein occurred in Summit County, Utah.

4. At all times relevant hereto, Defendant Google, a corporation (hereinafter "Defendant Google") and/or John Does I through X, inclusive, were and are persons who solicited the use of and who provided internet service in Summit County, Utah.

5. Plaintiff claims damages in excess of $100,000, in an amount to be proven at trial.

6. This Court has jurisdiction over this matter in accordance with the provisions of U.S.C. Title 28 Chapter 85 § 1332(a)(1) et sec.

7. Venue is properly laid with this Court in accordance with the provisions of U.S.C. Title 28 Chapter 87 § 1391(a) and (b) since the cause of action arises in Summit County, Utah.

8. At all times herein mentioned, Plaintiff Laura Rosenberg was and is a competent adult.

9. At all times herein mentioned, Defendant Patrick Harwood was and is a competent adult.

10. At all times herein mentioned, Defendant Google and John Doe Defendants I through X, inclusive, were and are persons, whether individual, corporate or otherwise, authorized to and doing business in Summit County, Utah.

11. The true names and capacities of fictitious named John Doe Defendants I through X, inclusive, are unknown to Plaintiff who, therefore, sues said Defendants by such fictitious names.

12 At all times herein mentioned, Defendant Google and/or John Doe Defendants I – X inclusive, were doing business as Google Maps available via internet at maps.google.com.

2
COMPLAINT FOR DAMAGES

13. On January 19, 2009 Defendant Patrick Harwood, while traveling Southbound on Deer Valley Drive in Park City, Utah, did negligently, carelessly, recklessly and/or unlawfully operate a motor vehicle owned by Ryan Christenson.

14. Due to, and as a proximate cause of, Defendant Patrick Harwood's failure to exercise due care in operating the motor vehicle owned by Ryan Christenson, Defendant Patrick Harwood struck Plaintiff Lauren Rosenberg with said motor vehicle, causing her to suffer severe physical, emotional, and mental injuries, including pain and suffering, and causing her to incur medical expenses in an amount yet to be determined.

## COUNT I

### Negligence of Patrick Harwood

15. Plaintiff Lauren Rosenberg hereby incorporates by reference paragraphs 1 through 14 above.

16. On January 19, 2009, and at the time of the events described in paragraphs 1 through 14 herein, at the instruction and with the permission of Ryan Christenson, Defendant Patrick Harwood operated the motor vehicle owned by Ryan Christenson for the purpose of transporting both Ryan Christenson and Defendant Patrick Harwood to their respective places of employment.

17. At all relevant times herein, Defendant Patrick Harwood operated the motor vehicle owned by Ryan Christenson as Ryan Christenson's agent, and all activities undertaken by Defendant Patrick Harwood as referenced in paragraphs 1 through 16 above were so performed within the scope of Defendant Patrick Harwood's agency relationship with Ryan Christenson.

18. The Defendant Patrick Harwood was negligent in the operation of the vehicle he was driving in the following, but not limited to the following manners:
    a. Failed to keep a proper look out;
    b. Failed to keep proper control;
    c. Driving in excess of a reasonable speed.

19. As a direct and proximate result of the negligence of Defendant Harwood the Plaintiff suffered severe and permanent personal injuries, including pain, suffering, emotional injury and medical expenses in an amount exceeding $100,000.00.

## COUNT II

### GENERAL NEGLIGENCE AS AGAINST GOOGLE

20. Plaintiff Lauren Rosenberg hereby incorporates by referenced paragraphs 1-19 above.

21. Defendant Google is, and at all relevant times herein was, a corporation incorporated within the state of California and duly licensed to operate a business within the state of California.

22. Defendant Google provides, and at all relevant times herein, provided, geographical directions via the internet and wireless phones, through its "Google Maps" service, which is readily available via the internet at maps.google.com. Defendant Google thereby undertook, and did so undertake, the duty to exercise reasonable care in providing safe directions to patrons of its "Google Maps" service.

23. On January 19, 2009, and at all relevant times herein, Plaintiff Lauren Rosenberg utilized the "Google Maps" site on her Blackberry wireless device to obtain

walking directions from 96 Daly Street, Park City, Utah to 1710 Prospector Avenue, Park City Utah.

24. Defendant Google, through its "Google Maps" service provided Plaintiff Lauren Rosenberg with walking directions that led her out onto Deer Valley Drive, a.k.a. State Route 224, a rural highway with no sidewalks, and a roadway that exhibits motor vehicles traveling at high speeds, that is not reasonably safe for pedestrians.

25. The Defendant Google expects users of the walking map site to rely on the accuracy of the walking directions given.

26. Plaintiff Lauren Rosenberg was so led onto Deer Valley Road/State Route 224 and was thereby stricken and severely injured by the motor vehicle driven by Defendant Patrick Harwood, owned and negligently entrusted by Ryan Christenson.

27. Defendant Google did so undertake the duty to exercise reasonable care in providing reasonably safe directions.

28. As a direct and proximate cause of Defendant Google's careless, reckless, and negligent providing of unsafe directions, Plaintiff Lauren Rosenberg was led onto a dangerous highway, and was thereby stricken by a motor vehicle, causing her to suffer severe permanent physical, emotional, and mental injuries, including pain and suffering, and causing her to incur medical expenses in amounts in excess of $100,000.00.

## COUNT III

### FAILURE TO WARN AS TO DEFENDANT GOOGLE

29. Plaintiff Lauren Rosenberg hereby incorporates by reference paragraphs 1-28 herein.

30. As referenced in paragraphs 20-28 above, Defendant Google undertook the duty to exercise reasonable care in providing safe directions to users of its "Google Maps" service.

31. Defendant Google knew or should have known that Deer Valley Road, a.k.a. State Route 224 is a rural highway exhibiting vehicles traveling at a high rate of speed, and devoid of pedestrian sidewalks, yet Defendant Google instructed Plaintiff Lauren Rosenberg to use that road for her pedestrian travel between 96 Daly Street, Park City, Utah to 1710 Prospector Avenue, Park City Utah.

32. With full knowledge that Deer Valley Road, a.k.a. State Route 224 is a rural highway exhibiting vehicles traveling at a high rate of speed, and devoid of pedestrian sidewalks, Google failed to warn Plaintiff Lauren Rosenberg of said known dangers, and instead instructed her to use that dangerous path for her trip between 96 Daly Street, Park City Utah and 1710 Prospector Avenue, Park City, Utah.

33. As a direct result of said failure to warn, Plaintiff Lauren Rosenberg was thereby stricken by a motor vehicle, causing her to suffer severe physical, emotional, and mental injuries, including pain and suffering and causing her to incur medical expenses in amounts in excess of $100,000.00.

WHEREFORE, Plaintiff prays judgment as follows:

1. For general and special damages in an amount to be proven at trial;

2. For interest on special damages from January 19, 2009 to the date of judgment herein;

3. Medical and related expenses, past and future, in an amount to be proved at trial;

4. Past loss of earning, in an amount to be proved at trial;

5. Diminution in earning capacity, past and future, in an amount to be proved at trial;

6. Damages for other pecuniary losses, in an amount(s) to be proved at trial;

8. For costs of suit incurred herein;

4. For punitive damages; and

5. For any and all such other and further relief as the court may deem proper.

DATED this 27th day of May, 2010

_____
Allen K. Young
*Attorneys for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury.

DATED this 27th day of May, 2010.

YOUNG, KESTER & PETRO

_____
ALLEN K. YOUNG
*Attorneys for Plaintiff*